IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPISH AUSTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0119 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**AMENDED REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On April 19, 2006, petitioner JOSEPISH AUSTIN filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

I.
PROCEDURAL HISTORY

Petitioner contends on September 5, 2003, he was convicted, pursuant to a guilty plea, of the offense of forgery by passing out of the 181st Judicial District Court of Randall County, Texas, for which he received a nineteen (19) year sentence. Petitioner advises his conviction was affirmed by the Seventh District Court of Appeals on September 5, 2005. A check of the appellate court docket indicates petitioner's conviction was affirmed on direct appeal by the

Seventh District Court of Appeals on September 2, 2004.  *Austin v. State*, No. 07-03-00403-CR (Tex.App.--Amarillo 2004).  Petitioner stated in his form petition that he did not file any application with the State of Texas seeking state habeas corpus relief.  Based upon this information the undersigned entered a Report and Recommendation on May 9, 2006 recommending therein that petitioner's application be dismissed for failure to exhaust his state court remedies.

On May 26, 2006 petitioner AUSTIN filed objections to the Report and Recommendation asserting he did file a state habeas writ application.  Petitioner did not offer any explanation as to why he had earlier claimed that he did not file a state habeas writ.  Petitioner also submitted copies of notices from the Texas Court of Criminal Appeals showing such state application was received November 17, 2005 and was denied without written order on March 1, 2006.  *Ex parte Austin*, App. No. 63,520-01.  A check of the Texas Court of Criminal Appeals docket verifies these dates.  It is not disputed that petitioner did not file a petition for discretionary review seeking review of the intermediate appellate court's decision.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court.  That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State

    action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

  In the instant case, the state trial court imposed petitioner's sentence in open court on September 5, 2003. Petitioner asserts his conviction was affirmed on direct appeal on September 5, 2005. However, as stated *supra*, review of the docket for the Seventh Court of Appeals shows a memorandum opinion issued September 2, 2004. Petitioner did not file a petition for discretionary review, therefore, petitioner's conviction became final on October 4, 2004, after expiration of the 30-day time period allowed under Texas law for filing a petition for

discretionary review. Tex. R. App. P. 68.2(a) (1999).[1] Consequently, any federal habeas application was due on or before October 4, 2005. Petitioner is not entitled to any tolling because he did not file his state writ application until November 17, 2005. Petitioner AUSTIN failed to file the instant federal habeas application until April 19, 2006, consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner JOSEPISH AUSTIN be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>9th</u> day of June 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] The due date was October 2, 2004 however because such date fell on a Saturday, petitioner would have had until Monday October 4, 2004.

HAB54\R&R\AUSTIN.SOL-NOPET:3               4

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).