IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

FILED
AUG 2 2 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JOSEPISH AUSTIN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:06-CV-0119 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER OVERRULING OBJECTIONS,
## ADOPTING REPORT AND RECOMMENDATION and
## DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner. On May 9, 2006, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending petitioner's habeas application be dismissed for failure to exhaust. Petitioner filed objections to the Report and Recommendation on May 26, 2006 stating that contrary to the representation in his petition that he had not filed a state habeas application, he had in fact, exhausted his state court remedies. On June 9, 2006 the Magistrate Judge issued an Amended Report and Recommendation, recommending petitioner's habeas application be dismissed as time barred. Petitioner filed objections to the Amended Report and Recommendation on June 26, 2006 arguing he had attempted to file an out-of-time Petition for Discretionary Review (PDR) and that he was entitled to a period of tolling. On June 29, 2006 the Magistrate Judge entered an Order to Show Cause and Briefing Order ordering petitioner to show why he should not be sanctioned and to provide certain filing dates as well as the dates which he claims should be equitably tolled.[1] Petitioner was granted two extensions of time in which to respond to the Court's order. On August 10, 2006,

---

[1] After reviewing petitioner's response to the Court's order it is determined that sanctions should not be imposed at this time.

petitioner filed his response to the Court's order.

In his response, petitioner again asserts he is entitled to equitable tolling. Petitioner's conviction became final on October 4, 2004 when he did not file a PDR. He attempted to file an out-of- time PDR but such request was denied by the Texas Court of Criminal Appeals on November 10, 2004. Petitioner then waited until November 17, 2005 to file a state writ application. Consequently, even if the time petitioner's request to file an out-of-time PDR was pending is excluded, the one year limitations period expired on November 9, 2005, eight days before petitioner filed his state habeas petition. Petitioner has not explained why he waited over a year to pursue his state habeas remedies. Petitioner has failed to demonstrate why he should be entitled to equitable tolling.

The undersigned United States District Judge has made an independent examination of the record in this case. For the reasons discussed *supra*, the objections filed by petitioner are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly, the petition for a writ of habeas corpus filed by petitioner is hereby DISMISSED.

IT IS SO ORDERED.

ENTERED this _____ day of ___August___ 2006.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE