

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPISH AUSTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0119 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

On July 10, 2008, petitioner filed with this Court a pleading entitled "Motion 60(b)(1)." By his motion, petitioner seeks relief from the United States District Judge's Order Overruling Objections, Adopting Report and Recommendation, and Dismissing Petition for a Writ of Habeas Corpus, and corresponding Judgment, entered August 22, 2006, almost two (2) years earlier. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's motion should be DENIED.

### I.
### PROCEDURAL HISTORY

On April 24, 2006, petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st District Court of Randall County, Texas. On May 9, 2006, this Court entered a Report and Recommendation to dismiss petitioner's petition for failure to exhaust state court remedies. On May 26, 2006, petitioner filed

objections to the Report and Recommendation, alleging he had mistakenly left off of his federal application information about his application for state habeas corpus relief. In light of petitioner's objections, on June 9, 2006, this Court entered an Amended Report and Recommendation to dismiss petitioner's petition as time barred by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations. On June 26, 2006, petitioner filed objections to the Amended Report and Recommendation. On August 22, 2006, the United States District Judge entered an Order Overruling Objections, Adopting Report and Recommendation, and Dismissing Petition for a Writ of Habeas Corpus and corresponding Judgment.

On September 13, 2006, petitioner filed his Notice of Appeal and motion for a Certificate of Appealability. The United States District Judge denied issuance of a Certificate of Appealability on September 18, 2006, and on June 27, 2008, the United States Court of Appeals for the Fifth Circuit denied petitioner's motion for a Certificate of Appealability. Petitioner then filed the instant motion on July 11, 2008.

II.
PETITIONER'S MOTION

By his motion, petitioner seeks relief from this Court's dismissal of his habeas petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, he seeks relief on two grounds: (1) the Court failed to properly calculate the statute of limitations by using improper dates for starting and stopping the statute of limitations, and (2) the Seventh Court of Appeals' opinion affirming petitioner's conviction was not mailed to him until October 7, 2005.

Under Rule 60(b), a litigant may move for relief from a final judgment, order, or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In a federal habeas proceeding, "a Rule 60(b) motion is not to be treated as a successive habeas petition if the motion attacks a defect in the integrity of the federal habeas proceedings and does not raise a new ground for relief or attack the district court's resolution of a claim on the merits." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-532, 125 S.Ct. 2641, 2647-2648 162 L.Ed.2d 480 (2005)). In other words, when a petitioner seeks relief from a judgment dismissing his petition as time barred and does not raise any substantive claims, but rather only challenges the determination that he is time barred, his Rule 60(b) motion is not successive. *See Crosby*, 545 U.S. at 533, 125 S.Ct. at 2648.

Petitioner has not alleged any facts showing mistake, inadvertence, surprise, excusable neglect, fraud, or newly discovered evidence, which would entitle him to relief pursuant to Rule

60(b). Nor has petitioner alleged facts that would satisfy any other ground for granting relief listed in Rule 60(b). Instead, petitioner's only claim is that the Court erred in dismissing his habeas action. Consequently, petitioner's motion is without merit. Even if, assuming *arguendo*, petitioner has alleged facts sufficient to satisfy the broad language of Rule 60(b)(6), and thus, is entitled to review under that provision, for the reasons stated below, petitioner's motion is without merit.[1]

A.
Statute of Limitations Calculation

Petitioner first asserts the Court improperly calculated the statute of limitations in his case. Specifically, petitioner argues his conviction did not become final until the mandate was issued by the Seventh Court of Appeals on or around December 26, 2004,[2] and therefore, the statute of limitations did not begin to run until that date. Petitioner's analysis is flawed. Under the relevant AEDPA provision,[3] the one-year statute of limitation for state habeas petitioners begins to run from "the date on which the judgment became final *by the conclusion of direct review or the expiration of the time for seeking such review*." 28 U.S.C. § 2244(d)(1) (emphasis added). The date a state court issues a mandate is irrelevant for purposes of calculating the federal statute of limitations, regardless of any impact the mandate has upon a petitioner's ability to seek *state* habeas relief. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The

---

[1] Essentially petitioner is attempting by his motion to raise arguments that should have been raised in his objections to the Report and Recommendation and Amended Report and Recommendation. For the sake of thoroughness, however, this Court will address his assertions.

[2] The Seventh Court of Appeals docket sheet shows the mandate was actually issued on December 9, 2004.

[3] The remaining three triggering events listed in 28 U.S.C. § 2244(d) are not discussed because petitioner does not allege any facts which would require analysis under those provisions.

triggering point for the AEDPA statute of limitations is when direct review concludes, *i.e.*, the highest court that can review the case on direct review has done so, or the time period for seeking direct review has expired.

Here, the Seventh Court of Appeals affirmed petitioner's conviction on September 2, 2004. Petitioner did not timely file his petition for discretionary review;[4] therefore, the federal statute of limitations began to run on October 4, 2004,[5] the day petitioner's time to seek discretionary review by the Texas Court of Criminal Appeals (CCA) expired. Therefore, absent tolling, petitioner's federal habeas application was due by October 4, 2005. Petitioner did not file his state habeas until October 6, 2005,[6] two days after the federal limitations period had run, which means his state habeas application could not be used to toll the federal limitations period. Consequently, petitioner's federal petition, filed April 24, 2006, was time barred, and there was no error in this Court's calculations.

Petitioner also asserts the mailbox rule should apply to his state habeas corpus application, and thus, the statute of limitations should have been tolled from June 18, 2005, when he claims he mailed his application, until the CCA denied his state petition on March 1, 2006. The Fifth Circuit has made it clear that there is no mailbox rule for state habeas applications in Texas. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). Therefore, petitioner's

---

[4]Petitioner requested an extension of time to file his petition for discretionary review after the period to file had run. The Texas Court of Criminal Appeals denied his request on November 10, 2004.

[5]October 2, 2004 fell on a Saturday, meaning petitioner had until the following Monday, October 4, to file his petition for discretionary review.

[6]Although this Court's Amended Report and Recommendation stated a state habeas filing date of November 17, 2005, that was the date the Texas Court of Criminal Appeals received the petition from the state district court. According to the docket sheet for the 181st District Court, petitioner's state habeas application was filed on October 6, 2005.

assertion is without merit. Petitioner's state habeas application was not filed until October 6, 2005, and the statute of limitations was not tolled by such application because petitioner did not file it until after the federal limitations period had run.

B.
Petitioner's Knowledge of Seventh Court of Appeals Opinion

Petitioner also claims that a stamp and date placed on the Seventh Court of Appeals opinion shows he did not know of that court's opinion affirming his conviction until October 7, 2005. This assertion, however, is belied by petitioner's own pleadings. In an attempt to have the date on which the AEDPA statute of limitations began to run moved back, petitioner has repeatedly pointed out that he requested an extension of time to file his petition for discretionary review. A petition for discretionary review would only be necessary if petitioner knew the Seventh Court of Appeals had affirmed his conviction. Clearly, petitioner knew his conviction was affirmed long before October 7, 2005. Furthermore, the stamp petitioner directs the Court's attention to is a Randall County, Texas, stamp, not a Seventh Court of Appeals stamp. While the reason for such a stamp is unclear, its presence is irrelevant. Petitioner knew his conviction had been affirmed by no later than November 10, 2004, when he filed his petition for discretionary review, if not before then. Furthermore, petitioner has provided no additional evidence, *e.g.*, a prison mail log, showing he did not receive a copy of the opinion until October 7, 2005. Therefore, petitioner's allegation is without merit.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Motion 60(b)(1)" filed by petitioner JOSEPISH AUSTIN be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of October 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United

States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).